[Civil No. 2134.   Filed June 6, 1924.]

[226 Pac. 423.]

In the Matter of the Application of BOQUILLAS
    LAND & CATTLE COMPANY, a Corporation,
    for a Writ of Certiorari.

1. STATUTES — ALL PARTS OF STATUTE RELATING TO SAME SUBJECT
    CONSTRUED TOGETHER.—All parts of statute relating to same sub-
    ject must be construed together.

2. SCHOOLS AND SCHOOL DISTRICTS — COUNTY SUPERINTENDENT MAY
    NOT GRANT PETITION CHANGING BOUNDARIES WITHOUT NOTICE.—
    Under Civ. Code 1913, §§ 2721, 2722, county superintendent of
    schools may not, without notice to trustees of district involved,
    change boundaries of district by granting petition of electors
    requesting same.

APPEAL from a judgment of the Superior Court
of the County of Cochise.   Albert M. Sames, Judge.
Reversed.

Mr. Fred Sutter, Messrs. Ellinwood & Ross, Mr.
John E. Sanders  and Mr. Maurice Blumenthal, for
Appellant.

Mr. John W. Murphy, Attorney General, Mr. A. R.
Lynch, Mr. Earl Anderson, Mr. E. W. McFarland,
Assistant Attorneys General, and Mr. John F. Ross,
County Attorney, for Appellee.

LYMAN, J.—This appeal is from a judgment af-
firming, upon review by certiorari, the action by the
board of supervisors and county superintendent of
schools of Cochise county in changing the boundaries
of a school district.

1.   Construction . together  of  contemporaneous  statutes  in  pari
materia, see notes in 18 Ann. Cas. 424; Ann. Cas. 1915A, 186.  See,
also, 25 R. C. L. 1060.
    2. ˙ See 24 R. C. L. 566.
        See 35 Cyc. 838, 839; 36 Cyc. 839, 1128.

This proceeding was initiated by the petition of ten qualified electors of the school district, filed with the county superintendent of schools on the second day of May, 1922, and the petition, together with his order granting it, was upon the same day laid before the board of supervisors, which forthwith approved the order of the county school superintendent. No notice of any sort was given to the trustees of the district, or to the district through the trustees.

The officers contend that their jurisdiction in the premises was governed and controlled solely by the provisions of paragraph 2722 of the Civil Code of 1913, to the exclusion of any other statute. The appellant on the contrary urges that the preceding paragraph modifies and affects paragraph 2722 so as to require the officers, before acting upon such a petition, to give notice of its pendency to the trustees of the school district interested.

The question involved is whether or not the statutes require that the trustees of school districts are entitled to notice of such a petition, and whether or not the officers exceeded their jurisdiction in granting the petition without first affording such notice.

. These two paragraphs are of the following tenor:

"2721.   It shall be the duty of every county school superintendent, on the first day of July of each and every year, to file with the board of supervisors a transcript, showing plainly and accurately the boundaries of each school district within his county, and when said transcript is approved by the board of supervisors', said boundaries, as shown in said transcript, become the legal boundaries; and no school boundaries shall be changed except between April 1 and July 1; provided, that the boundaries of no school district may be changed by the county superintendent unless the trustees of the districts affected shall have had written notice of the proposed change and a time and place set where they may be heard.

"2722.   When ten or more qualified school electors residing in any district desire that the boundaries

of said district be changed they shall present a petition to the county school superintendent, setting forth the changes of boundaries desired, and the reasons for the same. When such petition is filed with the county school superintendent, he shall approve or disapprove same, and transmit same to the board of supervisors, whose action shall be final; provided, that when a subdivision of a city or incorporated town lies outside of the school district including such city or town, then a majority of the school electors of said subdivision may present a petition to the trustees of the district to which they desire to be annexed, setting forth accurately the boundaries of said proposed territory to be annexed. Said petition, if acted upon favorably by the board of trustees, shall be transmitted with their endorsement thereon to the county superintendent, who shall make his records of boundaries to conform, and so notify the board of supervisors, and, on and after the first day of July following, said subdivision shall become a part of the city or incorporated town district.''

It is apparent that both these sections relate to the same subject matter, and that the division of the substance of this legislation into two paragraphs in no way affects their meaning, or the purview of the regulation pointed out by them.

Examining in detail these sections, it appears that the county superintendent of schools is first directed annually, and at a certain period of each year, to file with the board of supervisors a transcript outlining the boundaries of each school district in the county. The boundaries shown by this transcript do not become established until approved by the board of supervisors. The primary object apparently of this provision is not to effect any change in the boundaries of the districts but to place before the board of supervisors the necessary information upon which taxes may be levied to supply the necessary funds for the ensuing year.

This transcript is intended to show the boundaries of all the districts as they existed upon that date, whether any changes have been made or not during the preceding year. The fact of change is so far not referred to. But immediately following this clause is the provision that no change shall be made by the county superintendent without notice to the trustees of the district affected, and in the next sentence, which is separated by a numbered paragraph, is a provision for initiating a change in district boundaries by the filing of a petition of qualified electors, which is submitted for consideration and determination in the first instance of the county school superintendent. Upon this petition he makes an order either allowing it or denying it. This function of the county superintendent follows logically as a part of his duties as outlined by other provisions of the statute, in accordance with which he is directed to have general oversight of the public schools of the county, to determine their needs, and to supervise the expenditure of funds appropriated for their maintenance. Revised Statutes (Civ. Code), pars. 2709, 2711, 2818, 2821, 2822, 2823, 2826.

The jurisdiction of the county superintendent to make an order changing district boundaries is made conditional upon previous notice to the trustees of the district affected. This condition is general, and every order of the superintendent effecting such change is made to depend upon it. The order, when once made by the county superintendent, is subject to the approval or to the disapproval of the board of supervisors. But the board of supervisors does not make the order, neither have they any power to modify it after it is made. The proceeding is not unlike an appointment which is made subject to the approval of some other authority.

There is only one method provided for effecting this change, the order by the county superintendent,

and its approval or disapproval by the board of supervisors.

Appellee's contention that paragraph 2722 is unaffected by the provision in the preceding section relating to notice is at variance with an elementary rule of statutory construction which requires all parts of a statute relating to the same subject to be construed together. Lewis' Sutherland on Statutory Construction, 348.

The order of the county school superintendent, changing the boundaries of the district without notice to the trustees of the district affected, was without jurisdiction and void. The judgment of the superior court affirming that order after its approval by the board of supervisors will be reversed, and the cause returned to that court for further proceedings in accordance with this opinion.

McALISTER C, J., and ROSS, J., concur.